UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>   *Plaintiff*,<br><br>  v.<br><br>JOSEPH R. BIDEN, JR. et al.,<br><br>   *Defendants*. | Civil Action No. 23-2499 (TJK) |

## MEMORANDUM

Plaintiff, a frequent filer subject to several vexatious-litigant orders in other jurisdictions, has brought another frivolous lawsuit. The Court will dismiss it.

\*   \*   \*

Plaintiff is a frequent filer in the federal and state court systems. Nearly a decade ago, a judge in the Northern District of California "declar[ed] Plaintiff Kuang-Bao P. Ou-Young to be a vexatious litigant and direct[ed] pre-filing screening of any complaint filed by Plaintiff involving certain statutes and parties." *Ou-Young v. Cnty. of Santa Clara*, No. 5:20-cv-9097-VKD (EJD), 2020 WL 7889063, at \*1 (N.D. Cal. Dec. 22, 2020), *aff'd sub nom. Ou-Young v. Harris*, 853 F. App'x 196 (9th Cir. 2021). Undeterred, Plaintiff has since filed dozens of meritless lawsuits in violation of that vexatious-litigant order. *See id.*; *Ou-Young v. Stone*, No. 19-cv-7000-BLF, 2019 WL 6619879, at \*1 (N.D. Cal. Dec. 5, 2019). In addition, Plaintiff also began targeting federal judges with his lawsuits. So another judge in the Northern District of California then ordered "that Kuang-Bao P. Ou-Young must obtain leave of court before filing any complaint against federal judges." *Stone*, 2019 WL 6619879, at \*1. But Plaintiff continued to file "frivolous" lawsuits, even if they skirted the two vexatious-litigant orders on the books. *See Ou-Young v. Cnty. of Santa*

*Clara*, No. 23-mc-80051-RS, 2023 WL 2721020, at *1 (N.D. Cal. Mar. 17, 2023). Meanwhile, Plaintiff similarly brought frivolous lawsuits in California state court, prompting the state-court judges to issue a vexatious-litigant order of their own. *See, e.g.*, ECF No. 1 ¶¶ 27 to 27-4.

Plaintiff has now turned to this district to bring yet another lawsuit that would violate those vexatious-litigant orders if he had filed it in those jurisdictions. *See* ECF No. 1.

\*   \*   \*

Plaintiff's complaint purports to bring 88 claims against 260 defendants—including current and former presidents, vice presidents, governors, United States senators and representatives, federal and state judges, and other federal and state legislative, executive, and judicial officials and employees, as well as several technology, utility, and insurance companies, and other individuals. ECF No. 1 ¶¶ a1–a260, c1–c88. Plaintiff claims these individuals and entities have caused him monetary damages (by the Court's tally) of over $750 *billion*. *Id.* at 56–59.

In sum, his complaint rattles off a laundry list of perceived wrongs by these individuals and entities that began after he filed an unsuccessful employment discrimination lawsuit against the United States Postal Service in 2010. ECF No. 1 ¶ 1. The first sixteen claims allege that various federal statutory provisions are unconstitutional. *Id.* ¶¶ c1–c16. The next sixty-nine claims allege that various defendants "colluded," "conspired," "collaborated," or "acted" to deprive him of various constitutional or civil rights or to violate the law in other ways. *Id.* ¶¶ c17–c85. His eighty-sixth claim alleges that a provision of the California Constitution violates the United States Constitution. *Id.* ¶ c86. And his last two claims allege that two California statutes are also unconstitutional. *Id.* ¶¶ c87–c88. All his claims lack supporting factual allegations and are rife with unsupported factual and legal conclusions. Suffice it to say, Plaintiff's claims—

whether examined individually and especially when considered together—are frivolous.[1] And in any event, most of them seek damages against federal and state legislative, executive, and judicial officers, which would be barred by various immunity doctrines. *See Harlow v. Fitzgerald*, 457 U.S. 800, 806–08 (1982). The Court must therefore dismiss them under Rule 12(b)(1) with prejudice. *See, e.g.*, *Jefferies v. District of Columbia*, 917 F. Supp. 2d 10, 24–25 (D.D.C. 2013) ("A district court does not abuse its discretion when it dismisses with prejudice claims for which amendment would be futile." (collecting cases)).

*   *   *

For these reasons, the Court will dismiss the complaint with prejudice. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 7, 2023

---

[1] *See, e.g.*, *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 79–80 (D.D.C. 2010) (dismissing for lack of subject-matter jurisdiction a complaint: that alleged "a wide-ranging conspiracy among high-ranking state and federal officials; that did "not offer any facts or circumstances to support his claims that defendants" so conspired; and whose "factual allegations [were] conclusory and unsupported, representing the type of 'bizarre conspiracy theories' and 'wholly insubstantial' claims contemplated by the D.C. Circuit and other courts that have dismissed similar claims").